1  NATHAN V. OKELBERRY, SBN 266596
   E-Mail nokelberry@fisherphillips.com
2  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
3  Los Angeles, California 90071
   Telephone: (213) 330-4500
4  Facsimile: (213) 330-4501

5  Attorneys for Defendant
   GARDEN FRESH RESTAURANTS LLC
6

7

8                      UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA, FRESNO COURTHOUSE

10

11 | HENDRIK BLOCK,                          | Case No: 20:CV-00156-NONE-SAB
12 |                Plaintiff,                |
   |                                           | **DEFENDANT GARDEN FRESH
13 |         v.                               | RESTAURANTS LLC'S ANSWER TO
   |                                           | PLAINTIFF HENDRIK BLOCK'S
14 | GARDEN FRESH RESTAURANTS LLC             | COMPLAINT**
   | dba SWEET TOMATOES; JENNIE M.            |
15 | MARTIN, Trustee of the JULIO A.          |
   | MARTIN FAMILY TRUST dated                | Complaint Filed: January 30, 2020
16 | December 5, 2003                         | Trial Date:      None Set
17 |                Defendants.               |

18

19       Defendant GARDEN FRESH RESTAURANTS LLC ("Defendant") hereby responds to

20 the Complaint of Plaintiff HENDRIK BLOCK ("Plaintiff") and asserts its Affirmative Defenses

21 as follows:

22       1.    In answering Paragraph 1 of the Complaint, Defendant states that it consists of

23 legal conclusions to which no response is required. To the extent a response is required,

24 Defendant states that it is without sufficient information or knowledge to admit or deny the

25 allegations and, therefore, denies each and every allegation contained therein.

26       2.    In answering Paragraph 2 of the Complaint, Defendant states that it consists of

27 legal conclusions to which no response is required. To the extent a response is required,

28 Defendant states that it is without sufficient information or knowledge to admit or deny the

allegations and, therefore, denies each and every allegation contained therein.

3. In answering Paragraph 3 of the Complaint, Defendant admits that jurisdiction is proper in this Court, but denies any allegations of wrongdoing contained therein.

4. In answering Paragraph 4 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. Defendant denies that supplemental jurisdiction is proper.

5. In answering Paragraph 5 of the Complaint, Defendant admits that jurisdiction is proper in this Court, but denies any allegations of wrongdoing contained therein.

6. In answering Paragraph 6 of the Complaint, Defendant admits that venue is proper in the Eastern District of California, but denies any allegations of wrongdoing contained therein.

7. In answering Paragraph 7 of the Complaint, Defendant states that Garden Fresh Restaurants, LLC owns and operates the subject restaurant. Defendant is without knowledge sufficient to admit or deny the remaining allegations.

8. In answering Paragraph 8 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

9. In answering Paragraph 9, Defendant admits that the subject restaurant is a public accommodation and open to the public.

10. In answering Paragraph 10 of the Complaint, Defendant states that it is without knowledge a where Plaintiff resides. Defendant denies each and every other allegation contained therein.

11. In answering Paragraph 11 of the Complaint, Defendant denies the existence of any barriers and that Plaintiff encountered any barriers. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant states that it is without sufficient information or knowledge to admit or deny the allegations and, therefore, denies each and every allegation contained therein.

12. In answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

13. In answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

14. In answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15. In answering Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

## I. FIRST CLAIM: Americans with Disability Act of 1990

16. In answering Paragraph 16 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. In answering Paragraph 17 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

18. In answering Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In answering Paragraph 19 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

20. In answering Paragraph 20 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

21. In answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22. In answering Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In answering Paragraph 23 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

24. In answering Paragraph 24 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required.  To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

25. In answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In answering Paragraph 26 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

27. In answering Paragraph 27 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required.  To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

28. In answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. In answering Paragraph 29 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required.  To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

///

ANSWER TO COMPLAINT
FP 37235315.1

30. In answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. In answering Paragraph 33 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

## II.     SECOND CLAIM: Unruh Act

34. In answering Paragraph 34 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. In answering Paragraph 35 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

36. In answering Paragraph 36 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

37. In answering Paragraph 37 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

each and every allegation contained therein.

38. In answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. In answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In answering Paragraph 41 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

**III.   THIRD CLAIM: Unruh Act**

42. In answering Paragraph 42 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. In answering Paragraph 43 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

44. In answering Paragraph 44 of the Complaint, Defendant states that it consists of legal conclusions and quotations of statutes to which no response is required. To the extent a response is required to any allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

45. In answering Paragraph 45 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

46. In answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Defendant states that the remainder of the Complaint consists of legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint and each purported cause of action asserted against Defendant therein fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* sections 335.1 and 340(a).

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff lacks standing to bring the causes of action asserted in his Complaint and, to the extent he has standing to bring his Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth therein.  Plaintiff further lacks standing to challenge any alleged barriers identified in his Complaint for which he fails to explain how the barriers allegedly impaired his ability to access the property and/or bar.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by the doctrine of unclean hands.

///

**SIXTH AFFIRMATIVE DEFENSE**

6. By his conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

7. If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant's proportional liability, if any, should be reduced to the extent thereof.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, nor are alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or result in an undue burden on Defendant and others.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred because Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at the property.  Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to the property prior to initiating his lawsuit.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff is not entitled to recover any attorneys' fees and costs on the grounds that Defendant had already taken and/or initiated measures to address the sought after relief prior to the initiation of Plaintiff's lawsuit, thereby rendering his claims moot.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred because he is a vexatious litigant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendant expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by his complaint for damages;
2. That Plaintiff's complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees and costs pursuant to applicable law; and
4. That the court award such other and further relief as it deems appropriate.

Dated:  February 27, 2020                              Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Nathan V. Okelberry*

NATHAN V. OKELBERRY
Attorneys for Defendant
GARDEN FRESH RESTAURANTS LLC

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On February 27, 2020 I served the foregoing document entitled **DEFENDANT GARDEN FRESH RESTAURANTS LLC'S ANSWER TO PLAINTIFF HENDRIK BLOCK'S COMPLAINT** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Tanya E. Moore, SBN 206683 | Attorneys for Plaintiff |
| Moore Law Firm, P.C. | HENDRIK BLOCK |
| 300 South First Street, Ste. 342 | |
| San Jose, California 95113 | E-mail: |
| Telephone (408) 298-2000 | service@moorelawfirm.com |
| Facsimile (408) 298-6046 | tanya@moorelawfirm.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 27, 2020 at Los Angeles, California.

| MELODY BIGLAY | By: */s/ Melody Biglay* |
|---|---|
| Print Name | Signature |